**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| | ) | |
| **NAZIR CHAUDHARY, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 3:05CV382** |
| | ) | |
| **CAROLYNNE H. STEVENS, et al.,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and

recommendation on Plaintiffs' motion to remand the case that had been removed from state court

and a motion to dismiss submitted by Defendants. The court's federal question jurisdiction is

properly invoked under 42 U.S.C. § 1983, 28 U.S.C. § 1331, and the First Amendment of the

United States Constitution. (First Am. Mot. for J. (Compl.) ¶ 12). Plaintiffs have demanded

money damages and "any other relief that is appropriate." (Id. at ¶ 41). Plaintiffs' motion to

remand the case to state court is based on the Defendants' alleged failure to file the required

notice of removal within the prescribed time limit. Defendants move to dismiss the Complaint in

its entirety for what is asserted to be lack of subject matter jurisdiction and Plaintiffs' failure to

state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(1) & (6).

The Complaint is comprised of three counts against each of three employees of the

Virginia Department of Social Services (DSS) in both their official and individual capacities.

1

Plaintiffs are an individual, Nazir Chaudhary, and Dogwood Realty, Inc. (Dogwood), a real estate corporation wholly owned by Chaudhary.  Plaintiffs allege essentially that DSS employees discriminated against them by denying and revoking state licenses required to operate certain nursing home facilities owned and operated by Dogwood in retaliation  ". . . for the exercise of state and federally protected First Amendment Speech, and for petitioning the government." (Compl. ¶¶ 3, 12).  The named Defendants are Carolynne Stevens, individually and in her capacity as the Director of the DSS Licensing Division; Angela Rodgers-Reaves, individually and in her capacity as a DSS Licensing Inspector; and DeNyce Bonaparte, individually and in her capacity as a Licensing Administrator for the DSS Licensing Division.

### Standard of Review

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is properly granted when, accepting as true all non-conclusory factual allegations in the complaint and drawing all reasonable inferences in favor of the non-moving party, the plaintiff can prove no set of facts upon which relief may be granted.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957);  Johnson v. Mueller, 415 F.2d 354 (4th Cir. 1969).   At the same time, competing versions of the facts are the very basis for lawsuits and are therefore an insufficient basis for resolution on a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  See Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001).   In the context of a civil rights complaint, the court "'must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief *under any legal theory which might plausibly be suggested by the facts alleged*.'"  Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)(*quoting* Harrison v. United States Postal Serv., 840 F.2d 1149, 1152 (4th Cir. 1988)(emphasis in original).  Under the governing Federal

Rules of Civil Procedure, a complaint must only contain a short and plain statement to give the defendants fair notice of the claims against them.  Fed. R. Civ. P. 8.  It makes no difference under what heading or where in the complaint the factual allegations appear:  "all pleadings shall be so construed as to do substantial justice" and should not be dismissed even if recovery seems unlikely. Swierkiewicz v. Sorema, 534 U.S. 506, 514-515 (2002).

### Procedural History

The Plaintiffs filed their first Motion for Judgment in state court on December 6, 2002. Count III, entitled "Civil Rights Violation," contained two paragraphs, one encompassing the first thirteen paragraphs of the pleading, and another demanding judgment. ( ¶ 16).  On March 25, 2003, the Defendants filed a Motion for Bill of Particulars, requesting, among other things, a clarification of the cause of action in Count III of the Motion for Judgment. (Mot. for Bill of Particulars ¶ 5).  On February 16, 2005, Plaintiffs submitted Plaintiffs' First Interrogatories and Production of Documents to the Defendant Commonwealth of Virginia.  On February 28, 2005, Defendants filed a Motion to Stay Discovery until the matter regarding their pending Motion for Bill of Particulars had been resolved.  (Mot. to Stay Discovery ¶ 16).  On March 21, 2005, Plaintiffs filed a Response to Defendants' Motion to Stay Discovery in which they stated: "Plaintiffs are clearly alleging attacks on their rights to free speech and to petition the government, both of which are protected by the state and federal constitutions."  (Pls.' Resp. Defs.' Mot. Stay Discovery at 3).  However, the Plaintiffs did not articulate the factual or statutory predicate for which particular constitutional right or rights were involved that were asserted to form the basis for the alleged cause(s) of action. Id.  The Plaintiffs also filed a Motion to Compel at the same time. The Motion to Stay Discovery was granted by the state court and the

3

Plaintiffs' Motion to Compel was denied for the reason that the Defendants still required the clarification they requested in their Motion for Bill of Particulars in order to respond to the discovery demands.  (Order of May 10, 2005).  Thereafter, on May 19, 2005, Plaintiffs filed their First Amended Motion for Judgment which included, among other allegations, the first mention of 42 U.S.C. § 1983 that provides the vehicle for the Plaintiffs' First Amendment claim(s).  (Compl. ¶ 12 ).  The Defendants filed their Notice of Removal thereafter on May 24 pursuant to 28 U.S.C. §§ 1441 and 1446, basing removal on the Plaintiffs' assertion of a § 1983 claim in the First Amended Motion for Judgment.  ( Notice of Removal ¶ 8).  Defendants thereupon filed the motion to dismiss and Plaintiffs filed the motion to remand, asserting that the notice of removal was not filed timely.

## Analysis

## Motion to Remand

The initial issue is whether the case was removed within the prescribed time period.  A defendant in a civil action brought in state court may remove the action to federal court if "the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a), which includes, of course, actions "founded on a claim or right arising under the Constitution, treaties or laws of the United States . . . ." 28 U.S.C. § 1441(b).

The removal of an action from state court must be done in accordance with the procedures established by 28 U.S.C. §1446.  The statute requires that notice of removal must "be filed within thirty days after the receipt . . . of the initial pleading setting forth the claim for relief . . . ." 28 U.S.C. § 1446(b).  It further states that "[i]f the case stated by the initial pleading is not removable, the notice of removal may be filed within thirty days after receipt by the defendant,

4

through service or otherwise of a copy of an amended pleading, motion, order or other paper

from which it may be first ascertained that the case is one which is or has become removable . . .

." Id.  The jurisdictional requirements for removal are therefore precise and any defect will

preclude removal.  Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994)

("The burden of establishing federal jurisdiction is placed upon the party seeking removal.

Because removal jurisdiction raises significant federalism concerns, [the court] must strictly

construe removal jurisdiction.  If federal jurisdiction is doubtful, a remand is necessary.").  In

determining when a removing party was put on sufficient notice for removal, a court may "rely

on the face of the initial pleading and on the documents exchanged in the case by the parties," but

the grounds must "be apparent within the four corners of the initial pleading or subsequent

paper." Lovern v. Gen'l Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997) ("Only where an initial

pleading reveals a ground for removal will the defendant be bound to file a notice of removal

within 30 days.").

Until the Plaintiffs filed the First Amended Motion for Judgment, the Defendants did not

have sufficient notice of the assertion of a federal claim and, therefore, the case was not subject

to removal.  While the Plaintiffs argue that the initial Motion for Judgment asserts a federal First

Amendment claim, pertinent language in the "Facts" section of the pleading only avers that

Defendants allegedly retaliated against the Plaintiffs for their exercise of "state and federally

protected First Amendment Speech." (Mot. for J. ¶ 11).  The initial pleading thereby lacked a

statement of which law, state or federal, the Plaintiffs asserted to be the basis for the claim.  The

ambiguity was highlighted by the filing of the Defendants' Motion for Bill of Particulars and in

their Motion to Stay Discovery, the issue not being adequately addressed by the Plaintiffs until

the submission of the First Amended Motion for Judgment. (Mot. for Bill of Particulars ¶ 5; Mot.

for Stay of Discovery ¶ 16; Compl.   ¶ 12).  A simple comparison of the two Motions for

5

Judgment illustrates the difference between a sufficient allegation of a claim based in federal law and a statement (as in the initial pleading) that contains, at best, ambiguous legal claims. Accordingly, where the Defendants filed the notice of removal within the prescribed time period after the Plaintiffs filed the first Amended Motion for Judgment on May 19, 2005, the notice was timely and it is therefore recommended that the Plaintiffs' Motion to Remand be denied.

### *Res Judicata*

The only remaining issue that needs to be addressed for final resolution of the pending action is whether further pursuit of the asserted claims is barred by the doctrine of *res judicata*.[1] The issue arises because of the obvious similarity of the present case to that brought earlier by the same plaintiffs against nearly identical defendants.[2]  *See* Dogwood Realty, Inc. v. Goodwin, No. 3:03cv271 (E.D.Va. Nov. 2, 2004).  The facts alleged in the present action concerning the Defendants' alleged conduct that gives rise to the present claims are the same facts as those alleged in the previous case, though guised  as a First Amendment claim rather than a Fourteenth Amendment claim, and notwithstanding the conclusory allegation that retaliatory acts of unspecified nature are ongoing.  The demand for monetary relief is the same ($25,000,000), and the same six properties are at issue.

Plaintiffs initially assert that the doctrine of *res judicata* cannot be raised in a 12(b)(1) or 12(b)(6) motion to dismiss for failure to state a claim. (Pls.' Opp'n Mot. Dismiss at 4). However, the very authority relied on in part by Plaintiffs includes the holding that:  "where allegations of a complaint give rise to an affirmative defense, the defense may be raised under

---

[1]Several additional defenses are raised by the Defendants, but they are rendered moot by the court's recommendation that the entire action be dismissed on the basis of *res judicata*.

[2]The only defendant in this case not involved in the previous case is Defendant Angela Rodgers-Reaves who is nevertheless an employee of the defendant state agency and therefore in privity, as further discussed later herein, with the same parties who were involved in the earlier litigation. (Pls.' Opp'n Mot. Dismiss at 9).

6

Rule 12(b)(6) . . . ." <u>Richmond, F.&P. R.R. Co. v. Forst</u>, 4 F.3d 244, 250 (4th Cir. 1993).

Moreover, there is additional authority supporting the conclusion that a motion to dismiss is a

proper vehicle to assert the affirmative defense of *res judicata*. *See, e.g*., <u>Thomas v.</u>

<u>Consolidation Coal Co. (Pocahontas Fuel Co. Div.)</u>, 380 F.2d 69 (4th Cir. 1967); <u>Andrews v.</u>

<u>Daw</u>, 201 F.3d 521 (4th Cir. 2000).  As specifically held in <u>Thomas</u>: "there is no dispute

concerning the facts in this case which are relevant to the claim of *res judicata*," and the matter is

therefore properly presented in a motion to dismiss. 380 F.2d at 75.  Further, as the court held in

<u>Briggs v. Newberry County Sch. Dist.</u>, 838 F.Supp. 232 (D.C. S.C. 1992):

> Fed. R. Evid. 201 provides that a court shall take judicial notice of
> adjudicative facts when requested by a party and supplied with the
> necessary information, when the judicially noticed fact is "capable
> of accurate and ready determination by resort to sources whose
> accuracy cannot reasonably be questioned."  Facts subject to
> judicial notice may be considered by a court on a motion to
> dismiss.  When entertaining a motion to dismiss on the ground of
> *res judicata* or collateral estoppel, a court may judicially notice
> facts from a prior judicial proceeding.
>
> The record of the prior administrative and state court hearings in
> this case is a source whose accuracy cannot reasonably be
> questioned.  Accordingly, this Court take judicial notice of the
> prior proceedings between the District and Plaintiff and, further,
> hereby considers those proceedings in ruling on Defendants'
> motion to dismiss.

838 F.Supp. At 233-234 (internal citations omitted) *aff'd*, 1993 WL 66558, at *2 (4th Cir.

1993)(unpublished). The Plaintiffs' arguments that the issue cannot be addressed in the context

of a motion to dismiss are therefore unavailing.

    Under the doctrine of *res judicata,* a claim is barred when three

elements are met:

> 1) the prior judgment was final and on the merits, and rendered by a court
> of competent jurisdiction in accordance with the requirements of due

process; 2) the parties are identical, or in privity, in the two actions; and 3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding.

Pittston Co. v. United States, 199 F.3d 694, 704 (4th Cir. 1999) citing In re Varat Enters., 81 F.3d 1310, 1315 (4th Cir. 1996)).

**Finality of prior judgment**

The Plaintiffs argue that none of the three elements of *res judicata* are present in this case. First, they argue that the previous decision is not a final judgment on the merits because the alleged retaliation by the Defendants is "ongoing." (Pls.' Opp'n Mot. Dismiss at 7). However, besides that conclusory assertion, Plaintiffs have not specified any event or act that has taken place during the alleged ongoing retaliation; rather, they reassert the same events and actions that were the basis for the prior claim(s), including licensing actions that had taken place before the first action was filed. Accordingly, the Plaintiffs cannot circumvent the doctrine of *res judicata* by simply asserting in totally conclusory terms that injuries are "ongoing."

Plaintiffs also assert that the dismissal ordered in the previous action is not a final judgment on the merits because it is currently on appeal. However, the Plaintiffs cite case authority that, in fact, does not support their position. (Pls.' Opp'n Mot. Dismiss at 7). Specifically, in Warwick Corp. v. Maryland Dep't of Transp., 573 F. Supp. 1011, 1012 (D. Md. 1983) the court held ". . . that a final judgment retains all of its *res judicata* consequences pending decision of the appeal . . . [.]" (Pls.' Opp'n Mot. Dismiss at 7).

Finally, the Plaintiffs' argue that the prior order is not a final judgment on the merits because Plaintiff Chaudhary was dismissed for lack of standing in that case. (Pls.' Opp'n Mot. Dismiss at 8.) Plaintiffs do not cite any law to support their contention that *res judicata* does not

8

apply to a decision based on lack of standing.  In addition, because this case alleges the same acts

and injuries as in the prior case, Chaudhary still lacks standing because the alleged injuries

involving licensing and enforcement issues affected Dogwood, not him, and he is not seeking

damages for himself for the alleged violation of his personal constitutional right to free speech

and/or petition. Smith Setzer & Sons, Inc., et al. v. South Carolina Procurement Review Panel,

20 F.3d 1311, 1317 (4th Cir. 1994)(holding that a sole shareholder does not have standing to

assert claims alleging damage to the corporation); *accord* Forest Ambulance Serv., Inc. v. Mercy

Review Panel, 952 F.Supp. 296, 304 (E.D. Va. 1997)(finding that shareholders lacked standing

to bring a § 1983 action claiming injury to the corporation).

**Identical parties or parties in privity**

The Plaintiffs argue that the parties in this case are not identical or in privity with the

parties in the previous action.  The fact that Chaudhary's claims were dismissed in the prior

action for lack of standing does not affect that element of *res judicata* because the dismissal for

lack of standing is a final judgment on the merits and Chaudhary has not alleged a "new" injury

to himself that was not in existence at the earlier juncture when the claim could have been

pursued and which would otherwise confer him standing in this case.

Furthermore, the only new Defendant in this case is Angela Rodgers-Reaves.  Under the

Fourth Circuit's standard for "virtual representation" as a measure for evaluating the issue of

whether there is privity sufficient to implicate *res judicata*, if Rodgers-Reaves' rights would have

been represented using "precisely the same legal right" as the Defendants in the previous action,

she is deemed to be in privity with those Defendants.  Martin v. American Bancorp Retirement

Plan, 407 F.3d 643, 651 (4th Cir. 2005).  In Martin, the court enumerated three categories of non-

9

parties who are in privity with parties to a prior action and thereby bound by the result of the prior litigation: "(1) a non-party who controls the original action; (2) a successor-in-interest to a prior party; and (3) a non-party whose interests were adequately represented by a party to the original action." Id. Rodgers-Reaves is a subordinate of one or more of the other Defendants in this case and all assert the exact same arguments that were pursued in the previous case, namely, that there was adequate justification for the denial and revocation of the subject licenses because of various regulatory violations at the facilities. The First Amended Motion for Judgment does not attribute any act or injury specifically to Rodgers-Reaves, but merely asserts that the injuries were caused by the Defendants as a group. The Plaintiffs have not asserted any facts to demonstrate that Rodgers-Reaves' interests were not adequately represented in the prior litigation, or that she would defend herself under different legal theories than her co-defendants. Therefore, she is in privity with the prior litigants and her interests were adequately represented in the previous case which is sufficient to satisfy the second element of *res judicata*.

**Same transaction or series of transactions**

The Plaintiffs argue that because the First Amendment claim asserted in the present action was not decided in the previous action, the final element for application of *res judicata* is lacking. (Pls.' Opp'n Mot. Dismiss at 7). However, whether the claim was raised in the previous case is irrelevant; the relevant inquiry is whether the claim *could have been raised*. Harnett v. Billman, 800 F.2d 1308, 1313 (4th Cir. 1986). *Res judicata* will bar a claim if it "arises out of the same transaction or series of transactions as the claim resolved in the prior judgment." Id. In Aliff v. Joy Mfg. Co., 914 F.2d 39 (4th Cir. 1990), the plaintiff sued the defendant on the theory of false representation in a commercial transaction. The plaintiff did not obtain all the relief it

sought in the action and thereafter brought a subsequent suit for additional damages based on alternate theories of recovery under the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA").  The court held, in essence, that the CERCLA claim was barred by *res judicata* because it arose from the same set of facts that gave rise to the misrepresentation claim and that it therefore existed at the time of the initial trial.  Id. at 43.  Simply stated, the court held that *res judicata* applies even when a different legal theory is pursued in the subsequent action as long as it emanates from the same basic transaction.  Id.

The Plaintiffs here have offered nothing to show that their First Amendment claim did not exist at the time of the prior action.  In fact, Plaintiffs remind the court that they did raise the issue, albeit too late, in the previous action.  (Pls.' Opp'n Mot. Dismiss at 7).  Accordingly, even though the court declined to address it then, the claim existed and could have been pursued.  The Defendants, if forced to further litigate the issue, will use the same defenses as they did in response to Plaintiffs' previous claims that were predicated on the Fourteenth Amendment.  Just as the plaintiff in Aliff was barred by *res judicata* from bringing its CERCLA claim, the Plaintiffs here are likewise barred from bringing the First Amendment claim(s).

### Conclusion

Having found that all three elements of *res judicata* are present with respect to all claims, and that there is no genuine dispute of material fact relevant to the claim of *res judicata* left to be resolved, it is the conclusion of this court that the doctrine of *res judicata* requires dismissal of all counts against all Defendants.  The Defendants timely filed their Notice of Removal after receiving adequate notice by the First Amended Motion for Judgment of the existence of federal question jurisdiction, and although there is one new Defendant in this case, and the present claim(s) are grounded on an alternate theory than in the previous action, the doctrine of *res*

11

*judicata* bars the claim because the parties are identical or in privity, the facts that gave rise to the previous case are the same facts that give rise to this action, and the dispositive relief granted in the previous case constitutes a final adjudication on the merits of all claims asserted.

For the forgoing reasons, it is therefore recommended that the Plaintiffs' Motion to Remand be DENIED and that the Defendants Motion to Dismiss be GRANTED.

Let the Clerk forward a copy of this Report and Recommendation to the Honorable Henry E. Hudson and counsel of record.

It is so Ordered.


_____/s/_____
Dennis W. Dohnal
United States Magistrate Judge




Date: 8/9/05